■ In the Matter of DASID FABRICS CORPORATION, Petitioner, v STATE TAX COMMISSION, Respondent.—Mahoney, P. J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which sustained a franchise tax assessment imposed under Tax Law articles 9-A and 27.

Petitioner is engaged in the business of reselling or finishing and reselling fabric. Sidney Gladstone, president of petitioner, purchased fabric from Jerry Silverman, who worked for M. Loewenstein Corporation. Silverman agreed to sell fabric to petitioner for a lower price on the condition that petitioner make certain "payments" to Silverman and to others. The payments were made by checks. Petitioner's books listed these payments as commissions and, accordingly, deducted them as business expenses on its State and Federal tax returns.

In 1981, Gladstone was indicted and charged with numerous counts of falsifying business records and commercial bribery. He subsequently pleaded guilty to two counts of commercial bribery. The New York County District Attorney's office forwarded details of this criminal action to the Department of Taxation and Finance, which conducted an audit of petitioner's commission expenses for the years ending 1975 through 1980. Petitioner's accountant provided the Department with the names of people to whom Silverman had instructed Gladstone to make out checks. The Department then disallowed commissions to these individuals and assessed State tax delinquencies which included interest and the 50% fraud penalty. The delinquencies can be summarized as follows:

| Fiscal Year Ending | Total Commissions | Disallowed Commissions | Tax Owed | Interest | Penalty | Total Owed |
|---|---|---|---|---|---|---|
| 8/31/75 | 99,980.34 | 55,930 | 3,573.76 | 2,003.09 | 1,786.88 | 7,363.73 |
| 8/31/76 | 125,619.48 | 60,713 | 4,468.00 | 2,124.53 | 2,234.00 | 8,826.53 |
| 8/31/77 | 152,835.47 | 33,213 | 1,188.55 | 464.13 | 594.27 | 2,246.95 |
| 8/31/78 | 136,883.28 | 7,324 | 321.07 | 98.09 | 160.54 | 579.70 |
| 8/31/79 | 72,837.32 | 3,753 | 210.98 | 46.52 | 105.49 | 362.99 |
| 8/31/80 | 77,939.94 | 10,190 | 189.79 | 25.72 | 94.89 | 310.40 |
| | | | 9,952.15 | 4,762.08 | 4,976.07 | 19,690.30 |

Petitioner sought a redetermination by respondent. Respondent denied the petition and petitioner commenced this CPLR article 78 proceeding challenging such denial. The proceeding has been transferred to this court for disposition.

In order to sustain the notices of deficiency, respondent found that the "payments" were improperly deducted. Further, in order to avoid the limitation's period, respondent

found that false or fraudulent returns were filed with intent to evade tax (Tax Law § 1083 [c] [1] [B]). We concur with both findings.

Under the Tax Law, a corporation is subject to tax on "entire net income", which is the same as "entire taxable income" which the corporation reports to the Internal Revenue Service (Tax Law § 208 [9]). In determining Federal taxable income, ordinary business expenses, such as commissions paid, are deductible from gross income. However, payments which constitute illegal bribes, illegal kickbacks or other illegal payments are not deductible if such payment is illegal under Federal law or under the law of the State if such law is generally enforced (26 USC § 162 [c] [2]). Here, the fact that the payments made by Gladstone were illegal is established by his plea of guilty to commercial bribery. Further, the fact that Gladstone was indicted, along with evidence of other convictions of this crime offered by respondent, establishes that this law is generally enforced. Thus, the bribes were improperly deducted. Next, as stated earlier, petitioner's accountant provided the names of individuals to whom checks were drawn at Silverman's instructions. Since petitioner's records did not establish that any of these payments may have been legitimate commissions, it was not unreasonable for respondent to conclude that they were all bribes and disallow them.

Next, we agree with respondent's finding of fraud. The limitations period is inapplicable such that a tax may be assessed at any time where "a false or fraudulent return is filed with intent to evade tax" (Tax Law § 1083 [c] [1] [B]). Here, Gladstone knew that the payments were illegal. Further, respondent could reasonably conclude that he knew that the tax laws made such payments nondeductible. Lastly, respondent could infer from the evidence presented that petitioner's agents improperly deducted the payments, not as an honest mistake, but as a deliberate attempt to avoid tax.

In conclusion, respondent's determination is supported by substantial evidence in the record and must be upheld.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.